**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**ISAIAH PARKER,**

**Plaintiff,**

**v.** **CASE NO. 21-3146-SAC**

**(FNU) TAYLOR, et al.,**

**Defendants.**

**MEMORANDUM AND ORDER**
**TO SHOW CAUSE**

Plaintiff Isaiah Parker is hereby required to show good cause, in writing, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

**I. Nature of the Matter before the Court**

Plaintiff filed this *pro se* civil rights case under 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed *in forma pauperis*. (ECF No. 3.) Plaintiff, a pretrial detainee, is confined at the Wyandotte County Detention Center in Kansas City, Kansas ("WCDC").

Plaintiff's allegations largely center around an incident that occurred on August 10, 2020. The Complaint states that Plaintiff was attempting suicide by putting a noose made from sheets around his neck. Deputy Taylor was serving meal trays when she saw him. She entered his cell and radioed a code to which medical and other officers responded. Later, Taylor cited Plaintiff with 6 disciplinary violations based on the incident: (1) tampering with or covering his cell camera; (2) mutilating his bedding to make a noose; (3) engaging in disruptive conduct (faking a suicide attempt); (4) indecent exposure; (5) using an inmate pen to color his left eye; and (6) faking an illness. After a disciplinary hearing, Plaintiff was found guilty of five of the six violations. He

was placed into disciplinary segregation where he remained for several months. Plaintiff claims the disciplinary violations were "bogus."

Plaintiff further states he has a history of mental illness, had previously been found incompetent, and was awaiting transfer to Larned State Hospital for evaluation at the time of the incident. He claims that he should have been provided with a mental health advocate to assist him at the disciplinary hearing.

Plaintiff also alleges that Deputy Taylor told other inmates that Plaintiff was a "snitch." He claims this put his personal safety at risk.

Plaintiff names as Defendants: FNU Taylor, Deputy at WCDC; Sara Toms, Classification Officer at WCDC; Major Patricks; and Captain Arnesto Terezs. Plaintiff seeks damages in the amount of $150,000, as well as unspecified injunctive relief.

**II. Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings

drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the

complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

### A. Personal Participation

An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006); *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997). Conclusory allegations of involvement are not sufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). As a result, a plaintiff is required to name each defendant not only in the caption of the complaint, but again in the body of the complaint and to include in the body a description of the acts taken by each defendant that violated plaintiff's federal constitutional rights.

The only defendant that Plaintiff mentions by name in the body of the Complaint is Defendant Taylor. According to his description of each defendant's position at the WCDC, some of the defendants may be supervisors of Defendant Taylor. However, that is not enough to make

them liable. An official's liability may not be predicated solely upon a theory of respondeat superior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008); *Gagan v. Norton*, 35 F.3d 1473, 1476 FN4 (10th Cir. 1994), *cert. denied,* 513 U.S. 1183 (1995). To be held liable under § 1983, a supervisor must have personally participated in the complained-of constitutional deprivation. *Meade v. Grubbs*, 841 F.2d 1512, 1528 (10th Cir. 1988). "[T]he defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008).

Defendants Toms, Patricks, Terezs, and Jaynes are subject to dismissal because Plaintiff fails to allege facts showing the personal participation of each defendant in the alleged constitutional violations.

**B. Disciplinary Proceedings**

Plaintiff raises complaints about the disciplinary charges and the associated hearing. As a pretrial detainee, Plaintiff is protected from punishment without due process. *Peoples v. CCA Detention Centers*, 422 F.3d 1090, 1106 (10th Cir. 2005) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 (1970)). A pretrial detainee still may be subjected to restrictions while incarcerated, but the conditions and restrictions imposed may not constitute punishment. *Id.* The core question is whether the restriction is "imposed for the purpose of punishment or whether it is incident to some other legitimate government purpose." *Id.* (citation omitted). Restraints that "are reasonably related to the institution's interest in maintaining jail security do not, without more, constitute unconstitutional punishment, even if they are discomforting." *Bell,* 441 U.S. at 540. "[E]nsuring security and order at the institution is a permissible nonpunitive objective, whether the facility houses pretrial detainees, convicted inmates, or both." *Id.* at 561. Thus, if a pretrial detainee is

placed in segregation for a managerial purpose and not for punishment, no process is required. *Peoples*, 422 F.3d at 1106 (citation omitted).

Furthermore, the prohibition against punishment of pretrial detainees applies only where that punishment occurs without due process. *Blackmon v. Sutton*, 734 F.3d 1237, 1241 (10th Cir. 2013); 16C C.J.S. Constitutional Law § 1631 ("Because pretrial detainees have liberty interest in being free from punishment prior to conviction under Due Process Clause, a pretrial detainee is entitled to a due process hearing before prison officials may impose restraints on the detainee's liberty for disciplinary reasons."). Thus, placing a pretrial detainee in disciplinary segregation "*without giving him an opportunity to be heard*" is a due process violation. *Hubbard v. Nestor*, 830 F. App'x 574, 583 (10th Cir. 2020) (emphasis added).

Here, Plaintiff states that he received a hearing on the disciplinary charges. His primary complaint seems to be that he was not assigned a "mental health advocate" to represent or assist him at the hearing. However, courts have not found that the Constitution requires such assistance. The Supreme Court has found that convicted prisoners facing loss of good time credits who are entitled to due process procedures do not "have a right to either retained or appointed counsel in disciplinary hearings." *Mariani v. Stommel*, 251 F. App'x 536, 540 (10th Cir. 2007) (*citing see Wolff v. McDonnell*, 418 U.S. 539, 570 (1974)). Similarly, Plaintiff did not have a constitutional right to a mental health advocate at his disciplinary hearing.

**C. Physical Injury Requirement**

Section 1997e(e) . . . provides in pertinent part:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

42 U.S.C. § 1997e(e). Section 1997e(e) applies regardless of the nature of the underlying substantive violation asserted. *Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001), *cert. denied*, 536 U.S. 904 (2002) (applying §1997e(e) to the plaintiff's First Amendment claim for free exercise of religion).

Plaintiff's request for compensatory damages is subject to dismissal as barred by 42 U.S.C. § 1997e(e). Plaintiff has not described any physical injury that was caused by the alleged deprivations of his constitutional rights. The Court finds that Plaintiff's claim for actual or compensatory damages is subject to being dismissed.

**D. Snitch Label**

Plaintiff complains that Defendant Taylor labeled him a snitch in front of other inmates, acting with "deliberate indifference with disregard of the risk of future harm and gross negligence towards my personal safety." ECF No. 1, at 4. Plaintiff does not mention which constitutional provision he believes Defendant Taylor violated, but deliberate indifference is the standard applied under the Eighth Amendment.

A prison official violates the Eighth Amendment when two requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "First, the deprivation alleged must be, objectively, 'sufficiently serious.'" *Id*. To satisfy the objective component, a prisoner must allege facts showing he or she is "incarcerated under conditions posing a substantial risk of serious harm." *Id.*; *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005). The Eighth Amendment requires prison and jail officials to provide humane conditions of confinement guided by "contemporary standards of decency." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). The Supreme Court has acknowledged that the Constitution "'does not mandate comfortable prisons,' and only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to

form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (internal citations omitted). Indeed, prison conditions may be "restrictive and even harsh." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). "Under the Eighth Amendment, (prison) officials must provide humane conditions of confinement by ensuring inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and by taking reasonable measures to guarantee the inmates' safety." *McBride v. Deer*, 240 F.3d 1287, 1291 (10th Cir. 2001) (citation omitted).

The second requirement for an Eighth Amendment violation "follows from the principle that 'only the unnecessary and wanton infliction of pain implicates the Eighth Amendment.'" *Farmer*, 511 U.S. at 834. Prison officials must have a "sufficiently culpable state of mind," and in prison-conditions cases that state of mind is "deliberate indifference" to inmate health or safety. *Id*. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. "The Eighth Amendment does not outlaw cruel and unusual 'conditions'; it outlaws cruel and unusual 'punishments.'" *Id*. It is not enough to establish that the official should have known of the risk of harm. *Id*.

Plaintiff alleges that Taylor "made it known to other inmates that [Plaintiff] was state evidence and a 'snitch.'" ECF No. 1, at 5. He states that Taylor then pointed to another inmate and said that person was a snitch as well. *Id*. at 7. Plaintiff asserts that Taylor's actions "caused [him] physical threats on [his] life." *Id*. at 4.

In *Benefield v. McDowall*, 241 F.3d 1267 (10th Cir.2001), the Tenth Circuit held that an inmate's allegation that he had been labeled a "snitch" was, by itself, sufficient to meet the standard for a violation of the Eighth Amendment because it demonstrated that the inmate was "incarcerated under conditions posing a substantial risk of serious harm." *Benefield*, 241 F.3d at 1271. The

Tenth Circuit has further clarified that "allegations of a prison officer's deliberate disclosure of dangerous information about an inmate's status are sufficient to state a claim under the Eighth Amendment provided the alleged danger is facially concrete and plausible enough to satisfy basic pleading standards." *Brown v. Narvais*, 265 Fed. Appx. 734, 736 (10th Cir. 2008) (unpublished opinion).

Although labeling a prisoner as a snitch can constitute deliberate indifference to a substantial risk of serious harm to an inmate in violation of the Eighth Amendment, Plaintiff has not alleged sufficient facts in support of his claim in this case. *See Fisher v. Oklahoma Dep't of Corr.*, 213 F. App'x 704, 708–09 (10th Cir. 2007) ("Plaintiffs' allegations that Mr. Yott read their letters to the other inmates intending that those inmates would injure plaintiffs are conclusory."). In responding to this Order, Plaintiff should further describe the incident and the resulting threats he received.

Furthermore, Plaintiff has not alleged that Taylor's actions caused him to suffer a physical injury. *See Walker v. Young*, 958 F.2d 381 (Table), 1992 WL 49785, at *2 (10th Cir. 1992) (where plaintiff alleged he was threatened and labelled a snitch, court found that although plaintiff characterized those actions as retaliatory, plaintiff did "not assert any harm or injury suffered as a consequence of those retaliatory actions"); *see also* 42 U.S.C. § 1997e(e) (providing in pertinent part that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."). Plaintiff should show good cause why this claim should not be dismissed for failure to state a claim.

## IV. Response Required

For the reasons stated herein, Plaintiff's Complaint is subject to dismissal in its entirety for failure to state a claim on which relief may be granted. Plaintiff is therefore required to show good cause why his Complaint should not be dismissed. Plaintiff is warned that his failure to file a timely response may result in the Complaint being dismissed without further notice.

**IT IS THEREFORE ORDERED THAT** Plaintiff is granted until **November 29, 2021,** in which to show good cause, in writing, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED**.

**Dated October 28, 2021, in Topeka, Kansas.**

**s/ Sam A. Crow**
**Sam A. Crow**
**U.S. Senior District Judge**