IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ISAIAH PARKER,**

    **Plaintiff,**

    v.                                    CASE NO.  21-3146-SAC

**(FNU) TAYLOR, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

    This matter is a civil rights action.  The Court conducted an initial review of the case and directed Plaintiff to show cause why his Complaint should not be dismissed for failure to state a claim upon which relief may be granted.  (Memorandum and Order to Show Cause, Doc. 4) ("MOSC").  Before the Court is Plaintiff's Response to the MOSC (Doc. 5).

    In the Complaint, Plaintiff raised claims about a disciplinary hearing, alleging the charges were bogus and that he should have been provided with a mental health advocate.  The MOSC found that Plaintiff had not stated a claim for violation of his constitutional rights related to the disciplinary action, and Plaintiff does not respond to that finding.

    Plaintiff also alleged that Defendant Taylor had labeled him a "snitch," which put him at risk.  The MOSC found that although labeling a prisoner as a snitch can constitute deliberate indifference to a substantial risk of serious harm to an inmate in violation of the Eighth Amendment, Plaintiff had not alleged sufficient facts in support of his claim in this case.  *See Fisher v. Oklahoma Dep't of Corr.*, 213 F. App'x 704, 708–09 (10th Cir. 2007) ("Plaintiffs' allegations that Mr. Yott read their letters to the other inmates intending that those inmates would injure plaintiffs are conclusory.").  The MOSC directed Plaintiff to further describe the incident

and the resulting threats he received.  In response, Plaintiff states his "life has been threatened several times by several different inmates," and he has been placed in administrative segregation "to protect his life against any attacks."  (Response, Doc. 5, at 1.)  Plaintiff's allegations remain conclusory and, moreover, indicate that the officials of the WCDC are not deliberately indifferent to any risk of harm to him.

The MOSC also found that because Plaintiff had not alleged a physical injury, his request for compensatory damages is subject to dismissal as barred by 42 U.S.C. § 1997e(e).  Plaintiff makes no response to this finding.

Last, Plaintiff points out that he also complained of the deprivation of personal property.  Plaintiff did not include this as one the counts in his Complaint.  He mentioned in stating the background of his case that he was "stripped of all my properties which has never been replaced."  (Complaint, Doc. 1, at 3.)  Plaintiff also attached five inmate communication forms where he asks about his radio and other property.  (Doc. 1-1, at 2, 4, 8, 9, 18.)

Neither the negligent nor the unauthorized, intentional deprivation of property by a state employee gives rise to a due process violation if state law provides an adequate post-deprivation remedy.  *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional taking of property does not implicate due process clause where an adequate state post-deprivation remedy is available); *Parratt v. Taylor*, 451 U.S. 527, 543-44 (1981) (inmate could not present claim against warden under § 1983 for negligent loss of inmate's property where existence of state tort claims process provided due process).  The U.S. Supreme Court in *Parratt* reasoned that where a loss of property is occasioned by a random, unauthorized act by a state employee, rather than by an established state procedure, the state cannot predict when the loss will occur.  *Parratt,* 451 U.S. at 541.  Under these circumstances, the court observed:

> "It is difficult to conceive of how the State could provide a meaningful hearing before the deprivation takes place.  The loss of property, although attributable to the State as action under 'color of law,' is in almost all cases beyond the control of the State. Indeed, in most cases it is not only impracticable, but impossible, to provide a meaningful hearing before the deprivation." *Id*.  . . . [W]here an individual has been negligently deprived of property by a state employee, the state's action is not complete unless or until the state fails to provide an adequate postdeprivation remedy for the property loss.

*Id.* 451 U.S. at 541-542; see also *Hudson*, 468 U.S. at 534.  When the alleged property loss is not "random and unauthorized" but pursuant to "an affirmatively established or de facto policy, procedure, or custom, the state has the power to control the deprivation" and must generally give the plaintiff a predeprivation hearing.  *Gillihan v. Shillinger*, 872 F.2d 935, 939 (10th Cir. 1989); *Abbott v. McCotter*, 13 F.3d 1439, 1443 (10th Cir. 1994).

Kansas law provides procedures that inmates must follow when making claims for property loss or damage.  K.A.R. 44-16-104; *see also* K.A.R. 44-15-101a(d)(1)(B)(2).  These procedures have been held to constitute an adequate post-deprivation remedy.  *See Milburn v. Nelson*, 221 F.3d 1352 (Table), 2000 WL 1005253, *1 (10th Cir. July 20, 2000) (unpublished).  Therefore, Plaintiff fails to state a claim under § 1983 for a constitutional due process violation.

Plaintiff has failed to show good cause why his Complaint should not be dismissed for the reasons discussed above and in the MOSC.

**IT IS THEREFORE ORDERED** that Plaintiff's Complaint is **dismissed** for failure to state a claim upon which relief may be granted.

**IT IS SO ORDERED**.

**Dated February 7, 2022, in Topeka, Kansas.**

                                               **s/ Sam A. Crow**
                                               **Sam A. Crow**
                                               **U.S. Senior District Judge**